1 | IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
2 | KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
3 | Las Vegas, NV  89101
Phone:  (702) 853-5500
4 | Fax:  (702) 853-5599

5

GREGORY J. KERWIN, ESQ.
6 | Nevada Bar No. 12417
GIBSON DUNN & CRUTCHER, LLP
7 | 1801 California Street, Suite 4200
Denver, Colorado 80202
8 | Phone: (303) 298-5739
9 | Fax: (303) 313-2829

10 | Attorneys for Defendant,
AMERICAN ECONOMY INSURANCE COMPANY
11 | And COLORADO CASUALTY INSURANCE COMPANY

12

13 |                    **UNITED STATES DISTRICT COURT**

14 |                         **DISTRICT OF NEVADA**

15 | GREAT-WEST LIFE & ANNUITY              )     CASE NO.: 2:11-cv-02082·APG-CWH
16 | INSURANCE COMPANY,                     )
                                           )     **DEFENDANTS' SUBMISSION OF**
17 |                          Plaintiff,   )     **PROPOSED ORDER FOLLOWING**
                                           )     **THE APRIL 4, 2013 HEARING**
18 | vs.                                   )
                                           )
19 | AMERICAN ECONOMY INSURANCE     )
20 | COMPANY and COLORADO CASUALTY )
     INSURANCE COMPANY,                    )
21 |                                       )
                            Defendant.
22 |

23 |         Defendants submit the attached proposed Order in regards to this Court's ruling at the

24 | April 4, 2013 hearing.  Despite counsel for Defendants' good faith attempts, the parties have

25 | been unable to agree upon a stipulated version of an Order which reflects this Court's rulings

26 | following the April 4, 2013 hearing.  As such, the parties will be submitting competing

27 | proposed Orders to this Court.  Defendants hereby submit their proposed Order – attached

28 | hereto as Exhibit "1" – in regards to this Court's ruling at the April 4, 2013 hearing which they

1  believe accurately reflect the proceedings and this Court's findings at said hearing.

2  DATED this 2nd day of May, 2013.

3  KOELLER NEBEKER CARLSON
   & HALUCK, LLP

4

5  By: _Daniel Ryans NV11143_

6  IAN P. GILLAN, ESQ.
   Nevada Bar No. 9034

7  300 South Fourth Street, Suite 500
   Las Vegas, NV 89101

8  Attorneys for Defendants,
   AMERICAN ECONOMY INSURANCE

9  COMPANY and COLORADO CASUALTY
   INSURANCE COMPANY

10

11 GIBSON DUNN & CRUTCHER, LLP

12 GREGORY J. KERWIN, ESQ.
   Nevada Bar No. 12417

13 1801 California Street, Suite 4200
   Denver, Colorado 80202

14 Attorneys for Defendants,
   AMERICAN ECONOMY INSURANCE

15 COMPANY and COLORADO CASUALTY

16 INSURANCE COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"



KOELLER | NEBEKER | CARLSON | HALUCK LLP

300 South Fourth Street, Suite 500

Las Vegas, NV 89101

1

2

**UNITED STATES DISTRICT COURT**

3

**DISTRICT OF NEVADA**

4

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC. | CASE NO: 2:11-cv-02082- APG-CWH |
| Plaintiff, | **[PROPOSED] ORDER SUMMARIZING RULINGS ON DISCOVERY MOTIONS (ECF NOS. 49, 70, 74, AND 79) AT APRIL 4, 2013 HEARING** |
| vs. | |
| AMERICAN ECONOMY INSURANCE COMPANY and COLORADO CASUALTY, | |
| Defendants. | |

5

6

7

8

9

10

11

12

On April 4, 2013 the Court held a hearing on the following discovery motions: (1) Plaintiffs'

13

motion to compel responses to Great-West Life & Annuity Insurance Company's first set of

14

requests for production (ECF No. 49); (2) Plaintiffs' motion to compel responses to Great-West Life

15

& Annuity Insurance Company's first set of interrogatories and Request for Production 5 (ECF No.

16

70); (3) Defendants' motion for protective order to bar or limit the scope of Plaintiffs' proposed

17

depositions of "tangential" witnesses (ECF No. 74); and (4) Defendants' amended motion to

18

confirm that no privilege applies in this action to communications from the law firm hired to defend

19

Mediversal in the underlying state court lawsuit that were sent to both Plaintiffs and Defendants as

20

joint clients (ECF No. 79).

21

The Court reviewed the motions and accompanying briefs. This Order summarizes the

22

Court's rulings at the April 4, 2013 hearing. Although the Court did not set a deadline for

23

supplementation of discovery requests at the hearing, Defendants shall endeavor to supplement their

24

discovery responses as set forth below within ten business days of this Order to the maximum extent

25

possible, recognizing that some tasks such as providing verified supplemental interrogatory

26

responses, may take a little longer to complete.

27

**IT IS HEREBY ORDERED** as follows:

28

I.   **ECF NO. 49—PLAINTIFFS' MOTION TO COMPEL RESPONSES TO GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION**

For the reasons explained at the April 4, 2013 hearing, Plaintiffs' Motion to Compel (ECF No. 49) is denied except as follows:

   1.   Defendants shall produce metadata to the extent it's available for: a) the June 3, 2010 reservation of rights letter transmitted by Defendant American Economy Insurance Company to Plaintiff Great-West Life & Annuity Insurance Company ("Great-West"), and b) emails referring to or transmitting drafts of that June 3, 2010 letter that were sent before June 3, 2010.  Hearing Transcript at 55 lines 23-25, 56 lines 10-25.

   2.   Defendants shall supplement their response to Great-West's Request for Production No. 9 by producing the Colorado Casualty mission statement and corporate philosophy document that was in use in the Colorado Casualty office between April 2010 and January 2012 as described on page 29 of Defendants' Memorandum opposing this motion to compel, Dkt. 63 at 31.  Hearing Transcript at 58 line 6 to 59 line 2

II.   **ECF NO. 70—PLAINTIFFS' MOTION TO COMPEL RESPONSES TO GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION 5**

For the reasons explained at the April 4, 2013 hearing, Plaintiffs' Motion to Compel (ECF No. 70) is denied except as follows:

   3.   Defendants shall supplement their response to Great-West's Interrogatory No. 6 with the following information:  Defendants shall provide a brief description of about four or five sentences, comparable in scope to the information Mr. Kerwin provided to the Court at the April 4, 2013 hearing (Hearing Transcript at 68 line 8 to 15), concerning the work by Defendants' claims supervisors to prepare a chronology of events, discuss the major issues concerning the Mediversal insurance claim in a conference call, and provide directions to Defendants' representatives who attended the January 13, 2012 mediation for possible settlement of Mr. Huynh's claims against

1    Mediversal. Hearing Transcript at 69 line 8 to 13, 70 lines 12-16,

2        4.    Defendants shall supplement their response to Great-West's Interrogatory No. 8 with

3    the following information: Defendants shall describe the goals or performance objectives, and any

4    goals for managing litigation costs that applied between 2010 and 2012 to Defendants' claims

5    adjusters and supervisors who made decisions concerning the Mediversal insurance claim. This

6    description shall be comparable in scope to the deposition testimony of Loretta Delp (pp. 167-68)

7    that was read to the Court at the April 4, 2013 hearing, Hearing Transcript at 80 line 10 to 81 line 4.

8    *See* Hearing Transcript at 81 lines 15-23.

9        5.    Defendants shall supplement their response to Great-West's Interrogatory No. 9 with

10   the following information: Defendants shall describe the terms of any employee incentive or bonus

11   plans, prizes, or special compensation or rewards, including any company-wide program, that were

12   in effect between 2010 and 2012 and applied to Defendants' claims adjusters and supervisors who

13   made decisions concerning the Mediversal insurance claim. Hearing Transcript at 83 line 24 to 84

14   line 2.

15       6.    Defendants shall supplement their response to Great-West's Request for Production

16   No. 2 and Interrogatory No. 11 with the following information: Defendants shall produce unredacted

17   copies of any documents they have produced in discovery for which reserve information was

18   previously redacted when the documents were produced except for communications about reserve

19   information that are part of, or disclose, confidential attorney-client communications. Hearing

20   Transcript at 50 line 5 to 51 line 17.

21       7.    Defendants shall supplement their response to Great-West's Interrogatory No. 2 with

22   the following information: Defendants shall identify each employee of Defendants who had a non-

23   ministerial role or made discretionary decisions concerning the Mediversal insurance claim.

24   Employees who handled administrative tasks or did not do anything of significance need not be

3

identified. Hearing Transcript at 90 lines 22-23. Defendants have already disclosed through their privilege logs the lawyers who provided advice about the claim, Hearing Transcript at 87 lines 11-12, and Plaintiffs have already obtained sufficient information about Ms. Delp, Feldman, and MacIntyre through their depositions. Defendants' identification shall include that person's name; current business address (or, if unknown, the person's last known address); telephone number; name of current employer; job title; and the names of each person's immediate supervisor from April 2010 to January 2012. Hearing Transcript at 90 lines 12-25.

8.      Defendants shall supplement their response to Great-West's Interrogatory No. 4 with the following information: Defendants shall produce a resume or a document with equivalent employment history information covering the period from 2000 to the present, for the following five people: David Boldt, Joseph McIntire, Kortney Peschl, Paul Robbins, and Scott Vos. Hearing Transcript at 95 lines 7 to 19; 96 line 21 to 97 line10; 99 lines 8-12.

9.      To address Plaintiffs' Request for Production No. 5, the parties will enter into the stipulation their counsel discussed with the Court at the April 4, 2013 hearing that lists the amounts of insurance premiums Mediversal paid for Defendants' two insurance policies at issue in this case and includes an agreement that those premium amounts were timely and fully paid to American Economy Insurance Company and Colorado Casualty Insurance Company. Hearing Transcript at 98 line 23 to 99 line 7.

III.    **ECF NO. 74—DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO BAR OR LIMIT THE SCOPE OF PLAINTIFFS' PROPOSED DEPOSITIONS OF "TANGENTIAL" WITNESSES**

For the reasons explained at the April 4, 2013 hearing, Defendants' Motion For Protective Order (ECF No. 74) is denied except as follows:

10.     The depositions Plaintiffs have requested of: George Edwards and Joseph McIntire shall be limited to four hours of testifying time. Hearing Transcript at 105 lines 4-6.

4

IV.   **ECF NO. 79—DEFENDANTS' AMENDED MOTION TO CONFIRM THAT NO PRIVILEGE APPLIES IN THIS ACTION TO COMMUNICATIONS FROM THE LAW FIRM HIRED TO DEFEND MEDIVERSAL IN THE UNDERLYING STATE COURT LAWSUIT THAT WERE SENT TO BOTH PLAINTIFFS AND DEFENDANTS AS JOINT CLIENTS**

11.    Defendants' amended motion to confirm that no privilege applies in this action to communications from the law firm hired to defend Mediversal in the underlying state court lawsuit that were sent to both Plaintiffs and Defendants as joint clients, ECF No. 79, is DENIED without prejudice to raise this issue with the District Judge assigned to this case, who will decide the extent to which summary judgment motions, briefs, or exhibits may be filed under seal.  The Court encourages the parties to discuss as soon as possible agreed redactions of confidential documents that will be offered as summary judgment exhibits in order to allow such documents to be filed with the Court without placing them under seal. Hearing Transcript at 107 line 17 to 109 line 13.

DATED May 16, 2013.

C.W. Hoffman, Jr.
United States Magistrate Judge

5