1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5

6    GREAT-WEST LIFE & ANNUITY                )
     INSURANCE CO., *et al*.,                  )      Case No.  2:11-cv-02082-APG-CWH
7                                             )
                         Plaintiff,           )      **ORDER**
8                                             )
     vs.                                      )
9                                             )
     AMERICAN ECONOMY INSURANCE               )
10   CO., *et al*.,                            )
                                              )
11                       Defendants.          )
     ─────────────────────────────────────────)
12
              This matter is before the Court on Defendants' Partially Unopposed Motion to Stay One

13   Aspect of Magistrate Judge's September 23, 2013 Discovery Order Pending Ruling by District

14   Judge on Written Objections (#155), filed October 4, 2013; Plaintiffs' Response (#162), filed

15   October 16, 2013; and Defendants' Reply (#163), filed October 18, 2013.  The Court will also

16   consider Plaintiffs' Unopposed Motion for Extension of Time to Respond (#164), filed October 21,

17   2013.

18   **1.  Defendants' Motion to Stay (#155)**

19            Defendants (hereinafter "AEI") request a stay of the Court's order (#153) pending

20   resolution of their objection to the finding that AEI waived its privilege with respect to the

21   documents identified in the Court's order as the Kezer documents.  The stay is necessary, according

22   to AEI, to "avoid any dissemination or use by Plaintiffs or others of the privileged documents at

23   issue while the Order is being reviewed" and to "maintain the status quo" during review.  AEI

24   asserts that it has "substantial arguments" for reversing the order, including that the undersigned

25   committed clear error by: (1) finding that AEI's expert "considered" the Kezer documents; (2)

26   concluding that the Kezer documents are not covered by the parties' claw back agreement or Fed.

27   R. Evid. 502; and (3) applying what AEI contends is essentially a bright line rule regarding waiver.

28            Plaintiffs (hereinafter "Great West") oppose the motion arguing that AEI is highly unlikely

to succeed on its argument that the undersigned committed clear error by crediting sworn deposition testimony over a "self-serving declaration" submitted by an expert contradicting the deposition testimony.  Great West further contends that: (1) a stay is not necessary as they have already agreed not to disseminate any of the subject documents outside the litigation, which eliminates any potential for irreparable injury to AEI; (2) a stay would prevent Great West from analyzing and discussing the contested documents within the context of the appeal, thus eliminating argument on the threshold issue of whether the documents are privileged in the first instance; and (3) a stay would cause further delay in the litigation.

AEI replies that "it is more important for the administration of justice for this Court to reach a well-considered ruling on an issue that potentially could affect many other litigants, than to rush this case through to completion of discovery before the District Judge has time to rule" on the written objections.  AEI reiterates its argument that it will be irreparably harmed if Great West is permitted to review and use the Kezer documents, even if such use is limited to opposing AEI's written objections.

## DISCUSSION

"A stay is an 'intrusion into the ordinary process of administration and judicial relief." *Nken v. Holder*, 556 U.S. 418, 427 (2009).  "A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependant upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted).  In exercising its discretion, a court is guided by the following legal principles:  (1) has the movant made a strong showing it is likely to succeed on the merits of the appeal, (2) will the movant suffer irreparable injury in the absence of a stay, (3) will other parties be substantially injured by a stay, and (4) where the public interest lies.  *Id.* (citing *Nken*, 556 U.S. 418, 434 (2009); *see also Trustees of Northern Nevada Operating Engineers Health & Welfare v. Mach 4 Construction, LLC*, 2009 WL 1940087 *2 (D. Nev.) (citation omitted) (applying the same factors in addressing a stay pending appeal of a magistrate judge's order under the clearly erroneous standard of Fed. R. Civ. P. 72(a)).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion."  *Bullock*, 697 F.3d at 1203 (citation omitted).

2

1    AEI seeks a stay of the undersigned's Order (#153) pending resolution of its written

2    objections.  Each of the motions considered as part of the order were referred to the undersigned

3    pursuant to Local Rule IB 1-3, which provides that "[a] magistrate judge may hear and finally

4    determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. §

5    636(b)(1)(A)."   The order was a non-dispositive pretrial order.  None of the motions considered is

6    falls under the enumerated exceptions listed within section 636(b)(1)(A).  Written objections to

7    non-dispositive pretrial orders are not subject to *de novo* review, but are considered under the

8    "clearly erroneous" or "contrary to law" standard.  AEI asserts that the circumstances justify the

9    Court exercising its discretion to stay implementation of the subject order.

10       Part of AEI's argument in favor of a stay pending resolution of the appeal is the need to

11   maintain the "status quo."  Preservation of the status quo is not "among the factors regulating the

12   issuance of a stay." *Golden Gate Resaturant Ass'n v. City and County of San Francisco*, 512 F.3d

13   1112, 1116 (9th Cir. 2008).  *Id*.  Analysis of the traditional stay factors contemplates

14   "individualized judgments in each case . . . . the formula cannot be reduced to a set of rigid rules."

15   *Id*.  As stated in *Golden Gate*, "[m]aintaining the status quo is not a talisman." *Id*.  Certainly an

16   aggrieved party has the opportunity to file and serve timely objections to an order issued by a

17   magistrate judge on a non-dispositive pretrial motion, but such objections do not serve to

18   automatically stay implementation of the order.  *See In re Air Crash at Taipei, Taiwan*, 2002 WL

19   32155477 (C.D. Cal.) ("Such an interpretation is more consistent with the Magistrate's Act's goals

20   of facilitating the quick and final resolution of referred pretrial matters.  If an objection operates as

21   a stay of the order, not only is the losing litigant given an artificial incentive to object, but the

22   [magistrate judge's] decision-making ability is eroded.  It should be remembered that the magistrate

23   [judge] is empowered to 'determine' pretrial matters.  A [magistrate judge's] order will not

24   determine anything if it can be automatically stayed by filing an objection.  Indeed, such an

25   interpretation would essentially reduce the [magistrate judge's] order to the status of a

26   recommendation where an objection is raised."); *see also De Leon v. CIT Group, Inc.*, 2013 WL

27   950527 (D. Nev) ("The filing of objections to a magistrate judge's order on a non-dispositive

28   matter does not stay the order's operation."); *Oracle American, Inc. v. Google, Inc.*, 2011 WL

3

1    3794892 (N.D. Cal.) (same); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124

2    F.R.D. 75, 79 (S.D.N.Y. 1989) ("[A]llowing the automatic stay of [magistrate judge's] orders

3    would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a

4    halt.").

5         As discussed below, the undersigned finds that AEI has not satisfied its burden to

6    demonstrate that Order (#153) should be stayed pending resolution of the written objections.

7              **1. Strong Showing that Success is Likely on the Merits**

8         As noted in *Lair*, "[t]he first two [] factors are the most critical."  697 F.3d at 1204 (citing

9    *Nken*, 556 U.S. at 434).  There is not a precise specification of the exact degree of likely success

10   that a party requesting a stay must show.  *Lair*, 697 F.3d at 1204.  It is, however, "not enough that

11   the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility

12   of relief.'" *Id*. (citing *Nken*, 556 U.S. at 434).  A "possibility standard would be too lenient." *Nken*,

13   556 U.S. at 435 (citation omitted).  There are several, largely interchangeable, iterations of this

14   standard which "indicate that, at minimum" a petitioner must shown that there is a substantial case

15   for relief on the merits."  *Lair*, 697 F.3d at 1204 (citation omitted).

16        AEI has not shown that it has a substantial case for relief on the merits.  The arguments

17   presented for relief on appeal are all premised on AEI's contention that the undersigned committed

18   clear error by rejecting a self-serving affidavit submitted by an expert to contradict his prior sworn

19   deposition testimony.  AEI's argument significantly undervalues sworn deposition testimony and is

20   a continued attempt to recast what is clearly detrimental testimony.  The undersigned does agree

21   with one basis for the objection; that the sworn deposition testimony was a "rambling" answer.

22   AEI, however, has submitted nothing to support the notion that a rambling deposition answer

23   should be given any less weight than a targeted, concise answer.  Nor does AEI cite any law to

24   support the proposition that it is clear error to credit sworn deposition testimony over a "clarifying"

25   declaration.  Indeed, in other contexts, this exact proposition is rejected.  *See e.g. Guerra v. Just*

26   *Mortg., Inc.*, 2013 WL 1561114 (D. Nev.) (When considering a Rule 56 motion, an affidavit that

27   contradicts a witnesses own deposition testimony does not create an issue of material fact or a

28   triable issue) (citing *Orr v. Bank of America*, 285 F.3d 764, 780 n. 28 (9th Cir. 2002)).

1  Consequently, the undersigned concludes that, at best, the likelihood of success on the merits of the

2  appeal do not rise above "better than negligible" or a "mere possibility for relief."

3       **2.  Irreparable Injury to AEI**

4       "Whether the [stay] applicant will be irreparably harmed absent a stay[] requires more than

5  some possibility of irreparable injury." *Lair*, 697 F.3d at 1214 (citations omitted).  It requires the

6  stay applicant to show "that there is a probability of irreparable injury" in the absence of a stay.  *Id*.

7  In analyzing this factor, a court focuses on the "individualized nature of irreparable harm" as

8  opposed to whether the harm is "categorically irreparable."  *Id*.  AEI has not met its burden to

9  demonstrate that it will be irreparably injured absent a stay.  The "probability" of injury articulated

10  by AEI in its motion is based on the entirely unsupported, speculative argument that Great West

11  will be able to use information from the Kezer documents, either directly or indirectly, in the

12  litigation "even if the privilege is upheld."  However remote the possibility may be, if AEI's

13  clawback claim is upheld there are plenty of tools available to the Court, and parties, to ensure that

14  none of the information is used within this litigation.

15       Moreover, Great West has already agreed not to disseminate the documents outside of this

16  litigation or do anything to compromise the confidentiality of the documents.  This agreement, in

17  the undersigned's view, removes virtually any possibility of irreparable injury.  It appears the real

18  basis for AEI's argument on the probability of injury is rooted in the *ipse dixit* statement that "[a]

19  stay pending appeal to preserve the status quo should be normal procedure when a District Judge is

20  reviewing a magistrate judge's privilege waiver ruling."  It is not surprising that counsel provides

21  no support for this statement as it is, in fact, a categorically false statement of the law regarding

22  appeals of non-dispositive pretrial orders entered by a magistrate judge.  *See supra* at 3:10-4:4.

23       **3.  Injury to Great West and Public Interest**

24       The Court does not believe that Great West would suffer any injury if there were a stay.

25  The Court agrees with AEI that, other than the general interest in prompt resolution of court

26  proceedings this dispute, the public interest is minimal in a dispute between two insurance

27  companies regarding the meaning of contractual terms between the companies.

28       **4.  Interrelated Legal Tests**

1    AEI also opines that a stay should be considered under "two interrelated legal tests" that

2    "represent the outer reaches of single continuum." *Trustees of Northern Nevada Operating*

3    *Engineers Health & Welfare, LLC*, 2009 WL at *2 (citing *Golden Gate Restaurant Ass'n*, 512 F.3d

4    at 1115-16). Having failed to demonstrate a probability of success or possibility of an irreparable

5    injury, the undersigned is not convinced that the "sliding scale" approach tips in favor of a stay.

6                                           **<u>CONCLUSION</u>**

7            Ultimately, AEI has not satisfied the standard for a stay pending appeal of the undersigned's

8    non-dispositive pretrial Order (#153). AEI did not demonstrate a substantial case for relief on the

9    merits, and it did not demonstrate that it would be irreparably injured. Having failed to satisfy

10   these two critical factors, a stay is not appropriate. Nevertheless, Great West will be held to its

11   agreement that it will undertake no action to compromise the claim of privilege outside of this

12   litigation, and that it will make every effort to maintain the confidentiality of the Kezer documents

13   within this litigation. Having so concluded, the Court will also grant Great West's Unopposed

14   Motion for Extension of Time to Respond to the Written Objection (#164). Great West shall file

15   its response by **Tuesday, November 12, 2013**. AIE's reply, if any, is due by **Monday, November**

16   **18, 2013**.

17           Based on the foregoing and good cause appearing therefore,

18           **IT IS HEREBY ORDERED** that Defendants' Partially Unopposed Motion to Stay One

19   Aspect of Magistrate Judge's September 23, 2013 Discovery Order Pending Ruling by District

20   Judge on Written Objections (#155) is **denied**.

21           **IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Extension of Time to

22   Respond to the Written Objection (#164) is **granted**. Great West shall file its response by

23   **Tuesday, November 12, 2013**. AIE's reply, if any, is due by **Monday, November 18, 2013**.

24           DATED: November 6, 2013.

25

26

27                                           _____
                                             **C.W. Hoffman, Jr.**
28                                           **United States Magistrate Judge**

                                                    6