# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC.<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN ECONOMY INSURANCE COMPANY and COLORADO CASUALTY,<br><br>Defendants.<br><br>(And related counterclaims) | CASE NO: 2:11-cv-02082-KJD-CWH<br><br>**[PROPOSED] ORDER ON DISCOVERY MOTION (ECF NO. 138) AND THE DECEMBER 30, 2013 DISCOVERY HEARING** |

On December 30, 2013 the Court held a hearing on "Defendants' Motion For Discovery Sanctions And Motion To Compel Against Plaintiffs Because Of Their Failure To Cooperate In Discovery Seeking Information About Mediversal's Core Business Activities, Which Are Relevant To The Disputed Insurance Coverage Issues" (ECF No. 138).

The Court has reviewed the motion, Plaintiffs' response (ECF No. 147), and Defendants' reply in support of the motion (ECF No. 150). The Court held a discovery hearing on the motion and other discovery issues on December 30, 2013 and heard argument from counsel during the hearing. The Court's Minutes of Proceedings from the hearing are contained in ECF No. 179. Having been fully advised on the motion, the Court orders as follows:

1. Plaintiff Mediversal, Inc. ("Mediversal") designated its former president, Koner Bills, as its representative for purposes of giving deposition testimony in this action pursuant to Rule 30(b)(6) on March 27, 2013.

2. The Court is not persuaded that Mr. Bills was fully prepared to give testimony with respect to certain topics. His testimony at the March 28, 2013 deposition of Mediversal did

Exhibit 1

not fully meet the requirements of Rule 30(b)(6) with respect to the following four topics: (i) quality assurance review work; (ii) utilization review work; (iii) contractual obligations to Coast Casinos; and (iv) Mediversal's insurance agency registration and its utilization review license. (Hearing Tr., Dec. 30, 2013 at 33:17-34:6.)

3. The Court finds that it would be unfair and not permitted under standards governing Rule 30(b)(6) depositions for the corporate deponent to present another witness on these four particular topics to provide testimony that is inconsistent with Mr. Bills's testimony or that goes beyond the scope of his testimony with regard to the questions posed to him.

4. For that reason, the Court orders that Mediversal is precluded from admitting evidence that contradicts or goes beyond Mr. Bills's testimony with respect to the questions posed to him that fall within the four topics identified above in Paragraph 2. Such preclusion applies only to require Mediversal to give the same evidence that Mr. Bills gave with respect to the questions actually posed to him falling within the four topics identified above in Paragraph 2 of this order.

5. This order does not preclude Mediversal from presenting or admitting evidence that is outside the scope of the questions actually posed to Mr. Bills at the March 27, 2013 Rule 30(b)(6) deposition.

DATED February, 13, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

2