1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC., | Case No. 2:11-cv-02082-APG-CWH |
| Plaintiffs-Counterdefendants, | **ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL** |
| v. | |
| AMERICAN ECONOMY INSURANCE COMPANY and COLORADO CASUALTY INSURANCE COMPANY, | |
| Defendants-Counterclaimants. | |

Before the Court is Defendants' Motion for Leave to File Under Seal [Dkt. #197]. The Motion mentions, but does not address, the requirements for sealing set forth in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1180 (9th Cir. 2006). Rather, the Motion simply relies on the protective order previously entered in this case in connection with discovery issues. But sealing documents filed in connection with a dispositive motion requires satisfying a higher standing than the standard for sealing documents related to a non-dispositive motion. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.

> A party seeking to seal a judicial record . . . must "articulate[ ] compelling reasons supported by specific factual findings" . . . that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'". . .
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . *The mere fact that the production of records may lead to a litigant's*

*embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.*

*Id.* at 1178-79 (citations omitted, emphasis added).  Defendants have not satisfied this burden.

Therefore, the Defendants' Motion for Leave to File Under Seal [Dkt. #197] is DENIED WITHOUT PREJUDICE.  Defendants may file a new Motion for Leave to File Under Seal within seven days of entry of this order if they have grounds to satisfy the "compelling reasons" standard of *Kamakana*.  Otherwise, the Motion for Partial Summary Judgment will be unsealed thereafter.   In the alternative, Defendants may withdraw their Motion for Partial Summary Judgment and file a new motion without reference to the materials they seek to protect from disclosure.

Dated this 10th day of March, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE