IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599

GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
Phone: (303) 298-5739
Fax: (303) 313-2829

Attorneys for Defendants/Counter-Plaintiffs,
AMERICAN ECONOMY INSURANCE COMPANY
and COLORADO CASUALTY INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC., <br><br> Plaintiffs-Counter-defendants, <br><br> v. <br><br> AMERICAN ECONOMY INSURANCE COMPANY and COLORADO CASUALTY INSURANCE COMPANY, <br><br> Defendants- Counter-Plaintiffs. | CASE NO. 2:11-cv-02082-APG-CWH <br><br> **DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS RELATING TO THEIR APRIL 7, 2014 MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING PLAINTIFFS' THIRD THROUGH SEVENTH CLAIMS,** <br><br> **AND MEMORANDUM IN SUPPORT** <br><br> **O R D E R** |

MOTION

Defendants/Counter-Plaintiffs American Economy Insurance Company and Colorado Casualty Insurance Company [collectively "AEI" or "Defendants"], move under L.R. 10-5(b), *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and this Court's October 24, 2012 Stipulation and Protective Order in this case, Dkt. 38, at 9 (Para.7.3), for leave to file under

Gibson, Dunn & Crutcher LLP

seal the following documents relating to their April 7, 2014 Motion for Partial Summary Judgment To Enter Judgment In Favor Of Defendants On Plaintiffs' Third, Fourth, Fifth, Sixth, And Seventh Claims For Relief ("Defendants' April 7, 2014 Summary Judgment Motion"):

    i.    Two unredacted pages of Defendants' April 7, 2014 Summary Judgment Motion (pages 8 and 27), which disclose the settlement amounts paid for the January 2012 settlement of the underlying Huynh Lawsuit, and which Great-West has sought to keep confidential:  . Redacted versions of these pages 8 and 27 are included with the publicly filed version of Defendants' April 7, 2014 Summary Judgment Motion.

    ii.    <u>Exhibit A: Confidential Portion of Aspinwall Testimony</u>:  Two pages of deposition testimony of David Aspinwall of Great-West (pages 318-19) that Great-West has designated as Confidential because they disclose information on the January 2012 settlement of the underlying Huynh Lawsuit.

    iii.    Exh. A-3.    <u>Deposition Exhibit 36</u>:  Email exchange in May and June 2010 between Lauren Feldman (AEI) and David Aspinwall (Great-West), with attached privileged letter from Holland & Hart (Mediversal defense counsel) to Lauren Feldman.

    iv.    Exh. A-6.    <u>Deposition Exhibit 43</u>:  November 5, 2010 privileged email from Bryce Kunimoto of Holland & Hart (Mediversal defense counsel) to Lauren Feldman (AEI).

    v.    Exh. B-2.    <u>Deposition Exhibit 179 excerpt: Part 2(E) pages</u>:  From binder of documents reviewed by Mr. Boldt for his Rule 30(b)(6) deposition:  This portion of Deposition Exhibit 179 includes some communications between the Holland & Hart firm and AEI.

    vi.    Exh. D-2.    <u>Deposition Exhibit 120</u>:  Pages concerning review of Holland & Hart invoices produced from Liberty Mutual CLBU legal billing unit, CCIC-30 to -72, which include some time entries describing work by the Holland & Hart lawyers.

    vii.    Exh. D-4.    <u>Deposition Exhibit 123</u>:  January 13, 2012 Stipulation for Settlement of Huynh v. Mediversal case:  this exhibit describes some of the confidential information about the January 2012 settlement of the Huynh Lawsuit.

    The Court should allow these seven documents to be filed under seal because they either

contain: a) privileged attorney-client communications that both Plaintiffs and Defendants were entitled to see without a waiver of the privilege; or b) confidential information concerning the settlement of the underlying Huynh Lawsuit including the amounts paid for that settlement.

To comply with the Ninth Circuit's *Kamakana* standard for allowing public access to documents relating to dispositive motions, AEI is filing Defendants' April 7, 2014 Summary Judgment motion as a public document except for a few redacted settlement numbers on pages 8 and 27. It is also filing all the rest of its summary judgment exhibits as public documents.

<u>Conference with Plaintiffs' counsel</u>

AEI's counsel conferred with Plaintiffs' counsel by sending emails to them on April 4, 2014 describing the deposition testimony and previously designated confidential documents that AEI is planning to file under seal, along with copies of those materials. Great-West's counsel responded on Monday, April 7, 2014 at 1:36 pm Mountain time. *See* Exhibit A attached. That email indicates that Plaintiffs' consent to AEI's plan for filing most documents as public documents despite previous confidential designations. Plaintiffs' April 7, 2014 response (Exhibit A) suggests that Holland & Hart should separately be consulted today about the deposition excerpts from the deposition of its lawyer, Bryce Kunimoto, who was lead counsel for Mediversal in the Huynh Lawsuit. But there is nothing in the excerpts of Mr. Kunimoto's deposition testimony that AEI is filing that meets the high standard in the *Kamakana* case for filing under seal. Holland & Hart's designation of that testimony was done admittedly "out of abundance of caution" and not because of concerns about particular confidential testimony that Mr. Kunimoto actually provided. *See* Kunimoto Depo. at 4:23-5:6 (not attached hereto). Holland & Hart did not designate any of the testimony of its corporate representative (Katherine LeVoy) as confidential. Mediversal was Holland & Hart's client, and its representatives in this litigation (Plaintiffs' counsel) are not voicing any objection for Mediversal to the public filing of Mr. Kunimoto's deposition excerpts (*e.g.,* to contend that privileged information would be disclosed).

## MEMORANDUM IN SUPPORT

In support of this Motion, AEI states as follows:

1     Defendants are filing their April 7, 2014 Motion for Partial Summary Judgment To Enter Judgment In Favor Of Defendants On Plaintiffs' Third, Fourth, Fifth, Sixth, And Seventh Claims For Relief.

2.     Plaintiffs (collectively "Great-West") have designated large portions of the discovery record in this case as Confidential under the Protective Order this Court entered (Dkt. 38). Nevertheless, to comply with the Ninth Circuit's standard in the *Kamakana* case, Great-West has agreed that only the following seven documents relating to Defendants' April 7, 2014 Summary Judgment Motion should be filed under seal:

  i.     Two unredacted pages of Defendants' April 7, 2014 Summary Judgment Motion (pages 8 and 27), which disclose the settlement amounts paid for the January 2012 settlement of the underlying Huynh Lawsuit, and which Great-West has sought to keep confidential:  . Redacted versions of these pages 8 and 27 are included with the publicly filed version of Defendants' April 7, 2014 Summary Judgment Motion.

  ii.     <u>Exhibit A: Confidential Portion of Aspinwall Testimony</u>:  Two pages of deposition testimony of David Aspinwall of Great-West (pages 318-19) that Great-West has designated as Confidential because they disclose information on the January 2012 settlement of the underlying Huynh Lawsuit.

  iii.     Exh. A-3.     <u>Deposition Exhibit 36</u>:  Email exchange in May and June 2010 between Lauren Feldman (AEI) and David Aspinwall (Great-West), with attached privileged letter from Holland & Hart (Mediversal defense counsel) to Lauren Feldman.

  iv.     Exh. A-6.     <u>Deposition Exhibit 43</u>:  November 5, 2010 privileged email from Bryce Kunimoto of Holland & Hart (Mediversal defense counsel) to Lauren Feldman (AEI).

  v.     Exh. B-2.     <u>Deposition Exhibit 179 excerpt: Part 2(E) pages</u>:  From binder of documents reviewed by Mr. Boldt for his Rule 30(b)(6) deposition:  This portion of

Deposition Exhibit 179 includes some communications between the Holland & Hart firm and AEI.

  vi. Exh. D-2. <u>Deposition Exhibit 120</u>:  Pages concerning review of Holland & Hart invoices produced from Liberty Mutual CLBU legal billing unit, CCIC-30 to -72, which include some time entries describing work by the Holland & Hart lawyers.

  vii. Exh. D-4. <u>Deposition Exhibit 123</u>:  January 13, 2012 Stipulation for Settlement of Huynh v. Mediversal case:  this exhibit describes some of the confidential information about the January 2012 settlement of the Huynh Lawsuit.

3. These seven documents should be filed under seal because they either contain: a) privileged attorney-client communications that both Plaintiffs and Defendants were entitled to see without a waiver of the privilege; or b) confidential information concerning the settlement of the underlying Huynh Lawsuit including the amounts paid for that settlement.  To protect against the potential harm and/or prejudice that may result, AEI requests the Court grant leave to file these seven documents relating to Defendants' April 7, 2014 Summary Judgment Motion under seal.

4. To comply with the *Kamakana* standard for allowing public access to documents relating to dispositive motions, AEI is filing Defendants' April 7, 2014 Summary Judgment motion as a public document except for a few redacted settlement numbers on pages 8 and 27.  It is also filing all the rest of its summary judgment exhibits as public documents.

5. Under the *Kamakana* standard, there are compelling reasons to file privileged documents under seal such as the four documents described in paragraphs iii, iv, v, and vi above.  This case involves a dispute between concerning the settlement and final resolution of the underlying lawsuit, *Huynh v. Mediversal* (the "Huynh Lawsuit").  American Economy believes that in order to have this Court decide some aspects of the merits of the current dispute on a motion for summary judgment, the Court needs to be able to review some of the privileged communications concerning the Huynh Lawsuit between the defense counsel for the insured (Mediversal) and American Economy.  Mediversal's insurers were authorized to receive such privileged information without that disclosure creating a waiver of the attorney-client privilege or work product doctrine.  *See Nevada*

*Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 152 P.3d 737, 742 (Nev. 2007). Mediversal has not consented to the waiver of the privilege for these attorney-client communications.

  6. Under the *Kamakana* standard: "For a document filed with a dispositive motion, 'compelling reasons' must be shown to justify sealing the document." *Colato v. LeGrand*, No. 3:10–cv–00470–RCJ–VPC, 2011 WL 2651571 at *1 (D. Nev. July 5, 2011). "To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." Aevoe Corp. v. AE Tech. Co., No. 2:12-cv-00053-GMN-NJK, 2014 WL 551563 (D. Nev. Feb. 7, 2014); *see also Allstate Insurance Company v. Balle*, No. 2:10-cv-02205-APG-NGK (D. Nev. Nov. 19, 2013) (same).

  7. Compelling reasons exist for filing privileged documents under seal. *See, e.g., National Union Fire Ins. Co. v. Sharp Plumbing, Inc.*, No. 2:09-cv-00783-GMN-GWF (D. Nev. Feb. 13, 2013) (Navarro, J.) (granting unopposed motion to file privileged documents under seal that were filed in connection with a summary judgment motion); *Neumont Univ., LLC v. Little Bizzy*, LLC, No. 2:12-cv-01395-GMN-PAL (D. Nev. June 19, 2013) (Navarro, J.) (granting motion for leave to file privileged attorney billing records under seal as exhibit to motion for default judgment). The attorney-client privilege and work-product doctrine outweigh the public interest noted in Kamakana for accessing court records and constitute a compelling need. *See Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930 at *4, *5 (D. Nev. May 28, 2010) (McQuaid, J.) (court granted motion to seal documents protected by the attorney-client privilege and attorney work product doctrine: "The public interest in accessing the courts does not outweigh the compelling need to protect Defendant's proprietary information and the compelling need to honor the attorney-client privilege and the work-product doctrine"). *See also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("courts have consistently granted protective orders that prevent disclosure of many types of information, such as letters protected. under the attorney-client privilege . . . ")..

  8. In addition, the Court should also grant leave to file under seal the three documents described in paragraphs i, ii, and vii because those disclose confidential settlement terms concerning

the settlement of the underlying Huynh Lawsuit in January 2012.

9. It is not feasible to redact the confidential information from these seven documents either because: a) the entire document comprises a privileged attorney-client communication; or b) the information that is relevant to summary judgment is the information about the terms of the January 2012 settlement of the Huynh Lawsuit. The information from these documents upon which AEI relies in its April 7, 2014 Summary Judgment Motion includes the confidential information in these documents.

10. Therefore, based on the analysis above, AEI requests that the Court grant leave to file under seal the seven documents listed in AEI's Motion, above, and Paragraph 2(i) through (vii) of this Memorandum.

WHEREFORE, based on the analysis above, American Economy respectfully requests that the Court grant leave to file under seal the seven documents listed in AEI's Motion, above, and Paragraph 2(i) through (vii) of this Memorandum.

Respectfully submitted this 7th day of April 2014.

> KOELLER NEBEKER CARLSON et al
> Ian P. Gillan, Esq. (NB #9034)
> 300 S. Fourth Street, Suite 500
> Las Vegas, NV 89101
>
> /s/ Gregory J. Kerwin
> _____
> Gregory J. Kerwin, Esq. (NB #12417)
> GIBSON, DUNN & CRUTCHER LLP
> 1801 California Street, Suite 4200
> Denver, CO 80202
>
> Attorneys for Defendants/Counter-Plaintiffs

## ORDER

**IT IS SO ORDERED.**

Dated: April 8, 2014.

_____
UNITED STATES DISTRICT JUDGE