UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC., <br><br>Plaintiffs-Counterdefendants, <br><br>v. <br><br>AMERICAN ECONOMY INSURANCE COMPANY and COLORADO CASUALTY INSURANCE COMPANY, <br><br>Defendants-Counterclaimants. | Case No. 2:11-cv-02082-APG-CWH <br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER REGARDING PRIVILEGE** <br><br>(Dkt. #154) |

Magistrate Judge Hoffman entered an Order (Dkt. #153) holding, among other things, that Defendants American Economy Insurance and Colorado Casualty Insurance Company (collectively, "AEI") waived any privilege that had attached to documents that AEI disclosed to its testifying expert. AEI timely objected to that Order. (Dkt. #154.) After reviewing the Order and the related briefs, I find that Judge Hoffman's Order is not "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); Local Rule IB 3-1(a). Therefore, I affirm that Order. In order to provide some clarity on some of the issues raised by AEI in its briefs—and without disagreeing with Judge Hoffman's findings or analysis—I add the following.[1]

The factual background and procedural posture are detailed in Judge Hoffman's Order and will not be repeated here. AEI inadvertently produced to its expert (John Kezer) 12 apparently-privileged documents (the "Kezer documents").[2] Plaintiffs Great West Life & Annuity Insurance

---

[1] The below comments are *dicta*, as they are not dispositive of the issues presented in the Objection. Nevertheless, I offer them primarily in response to AEI's expressed concern that Judge Hoffman's Order, and my affirmance, will create a harrowing precedent in Nevada with regard to Rule 502. *See, e.g.,* Dkt. #172 at 16:19-23. I disagree that we have opened Pandora's Box, because Judge Hoffman's holding is limited to the facts of this case. My comments below confirm that.

[2] I did not review the Kezer documents in resolving AEI's Objection because their contents do not affect the resolution of this issue. (See Dkt. #172 at 4:8-9, 6:11-12.) I also skipped over a

Company and Mediversal, Inc. (collectively, "Great West") asked Judge Hoffman to a "bright line" rule requiring disclosure of all documents produced (even inadvertently) to an expert, as discussed in *Regional Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 716 (6th Cir. 2006). In its Objection, AEI urges me to:

> hold, as a matter of law, that privileged documents inadvertently produced to an expert, but not examined or relied upon by that expert in his expert report or analysis, can be subject to non-waiver under a clawback agreement and order. Inadvertent production of documents to an expert is more analogous to inadvertent production of documents to an opposition party than to either of the two common law waiver doctrines the Magistrate Judge cited.

(Dkt. #154 at 12:10-12.) Neither broad pronouncement is needed here. The resolution can and should be limited to the facts of this case.

The parties stipulated to a Scheduling Order containing the following clawback provision:

> 3. **Inadvertent Disclosure/Clawback**: The parties agree to an order regarding claims of privilege, or of protection as trial-preparation material, asserted after inadvertent production as follows: Such materials shall be returned immediately upon discovery by the recipient and such information shall not be admissible at trial, unless such material would otherwise be discoverable or admissible.

(#24) at ¶ 3. They later stipulated to the following language in the Protective Order:

> 12. **Inadvertent Disclosure**. Nothing in this protective order abridges applicable law concerning inadvertent disclosure of a document that the Disclosing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. If a party inadvertently discloses documents or information subject to a claim of privilege or work product protection, such disclosure will not waive otherwise applicable claims of privilege or work product protection under applicable law. . . .

(#38) at ¶ 12. I agree with AEI that this provision does not distinguish between inadvertent disclosure to opposing counsel and inadvertent disclosure to one's expert. Judge Hoffman did not disagree: "the parties' agreement clearly provides that inadvertently produced documents, upon a determination that the documents are privileged, must be returned without waiver to the disclosing party regardless of the care taken by the disclosing party." (Dkt. #153 at 21:16-18.)

---

portion of Great West's brief (Dkt. #168 at §§ III, IV) as soon as I realized that it discussed the contents of those documents.

But that does not end the inquiry. As Judge Hoffman pointed out, the Scheduling Order requires disclosure if "such material would otherwise be discoverable or admissible." (Dkt. #24 at ¶ 3.) Judge Hoffman specifically "agree[d] that it is irrelevant whether documents provided to an expert and subsequently disclosed as part of an expert report were disclosed inadvertently. AEI must show that the Kezer documents may be withdrawn or clawed back under the expert reporting requirements of Rule 26." (Dkt. #153 at 23:8-11.) Thus, the focus here is not which, if any, "bright line rule" or "holding as a matter of law" should be adopted, but whether Rule 26 makes the Kezer documents discoverable under the facts of this case.

Mr. Kezer testified at his deposition that he

> looked at the documents that were provided to me. *I went through all of them* and I focused in on portions of them and not on some of the others. . . .I made an effort to review the documents in order to have as clear a picture as I could obtain as to what occurred, what the facts were. Some facts were more relevant to some of my opinions than others.

(Dkt. #96-15 at 3-4, emphasis added.) Rule 26 mandates the disclosure of "facts or data considered by" the expert. "The meaning of 'considered has been interpreted to 'encompass ... all documents and oral communications reviewed by the experts in connection with the formulation of their opinions, but ultimately rejected or not relied upon.'" *Fajardo v. Pierce Cnty.*, 2009 WL 1765756 (W.D. Wash. June 19, 2009) (quoting *TV-3 Inc. v. Royal Ins. Co. of America*, 193 F.R.D. 490, 492 (S.D.Miss. 2000)). As Judge Hoffman correctly noted, even though Rule 26 was amended in 2010, the "intention remains that 'facts or data be interpreted broadly' and '[t]he disclosure obligation extend[] to any facts or data "considered" by the expert in forming the opinions, not only those relied upon by the expert.' *See* Adv. Comm. Notes to 2010 Amendments." (Dkt. #153 at 26:7-9). Thus, based on Rule 26, the Kezer documents must be disclosed to Great West notwithstanding the inadvertent nature of their production.

AEI attempts to undercut Mr. Kezer's deposition testimony by citing to his subsequent Declaration in which he denies reviewing or considering the 12 Kezer documents. (Dkt. #107-3 at ¶ 3. *See also* Dkt. #154 at 23:16-17; Dkt. #172 at 16:14-16.) Judge Hoffman considered the

discrepancies between the deposition testimony and Declaration, and chose to rely on the deposition testimony. That decision is not clearly erroneous or contrary to law. Moreover, I agree with Judge Hoffman that an expert generally should not be permitted to undercut his own testimony with an after-the-fact, self-serving Declaration that contradicts such testimony. (Dkt. #153 at 25:1-26:1; Dkt. #166 at 4:16-28.) *Cf., Yeager v. Bowlin*, 693 F.2d 1076, 1080-81 (9th Cir. 2012) (discussing sham affidavits that contradict deposition testimony being offered in support of summary judgment motions). To allow otherwise invites chicanery, and likely would require the court to engage in an unwieldy and difficult exploration of the expert's mental processes. (Dkt. #153 at 25:18-24.) *See also, MVB Mortg. Corp. v. F.D.I.C.*, 2010 WL 582641 at *4 (S.D. Ohio Feb. 11, 2010) ("[I]t is not the Court's job to sift through the universe of information supplied to the expert and to make the determination" whether the "withheld information made a significant difference in the expert's ultimate opinions or conclusions."). While post-deposition affidavits may be allowed in some circumstances, in the present case I defer to Judge Hoffman's determination that AEI's reliance on Mr. Kezer's Declaration is unavailing under the circumstances here. Judge Hoffman's findings and reasoning on this issue are not "clearly erroneous or contrary to law" and I affirm them.

Finally, AEI contends that Judge Hoffman's Order—and my affirmance—"would place significant limits on Rule 502 clawback agreements and orders by carving out an entire category of discovery: expert discovery." (Dkt. #172 at 16:19-23.) This overstates the ruling as Judge Hoffman's Order creates no such carve-out. Again, the issue here is not whether the documents were purposefully or inadvertently produced, nor whether the parties' clawback provision complied with or abrogated Rule 502. The pivotal fact here is that Mr. Kezer testified at deposition that he reviewed *all* of the documents provided to him. Judge Hoffman—and I in affirmance—merely confirm the long-held position that documents considered by an expert in preparation of a report or for testimony cannot be withheld from production on the basis of privilege. (Dkt. #153 at 25:12-19.)

**IT IS HEREBY ORDERED** that Magistrate Judge Hoffman's Order is affirmed in its entirety, and Defendants' Objection (Dkt. #154) is overruled.

Dated this 29th day of May, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE