# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY, and
MEDIVERSAL, INC.
              Plaintiffs/Counter-
              Defendants,

v.

AMERICAN ECONOMY INSURANCE
COMPANY, and COLORADO CASUALTY
INSURANCE COMPANY.

              Defendant.

Case No. 2:11-cv-02082-APG-CWH

**ORDER ON MOTION TO SEAL**

(Dkt. ##238, 240, 252)

    Plaintiffs Great-West Life & Annuity Insurance Company and Mediversal, Inc. filed a surreply and exhibit that contained information taken from documents produced by defendants American Economy Insurance Company and Colorado Casualty Insurance Company (the "Kezar documents").[1] Defendants believe the Kezar documents are privileged and asked plaintiffs to redact their filings to remove any reference to them. Plaintiffs provisionally redacted their filings and moved to seal on defendants' behalf.[2] Plaintiffs do not oppose sealing.[3]

---

[1] The Kezar documents consist of documents defendants inadvertently provided to their expert. I previously ruled that these documents must be disclosed to plaintiffs and that defendants had waived any claims the documents were privileged. (Dkt. #235.)

[2] (Dkt. #252.) Plaintiffs have requested to withdraw their previous motion to seal the same documents at issue here. (Dkt. #240.) Thus, I deny that motion as moot. Plaintiffs also mistakenly filed a motion entitled "Motion to Seal" at Docket No. 238. Plaintiffs state that this was an inadvertent filing. (Dkt. #240 at 1.) I therefore deny that motion as moot as well.

[3] Plaintiffs originally opposed defendants' request to seal (*see* Dkt. #240) but changed position and now do not oppose sealing. Nevertheless, regardless of whether its request is opposed, defendants must establish that sealing is warranted. *See Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am.*, No. C09-5232BHS, 2010 WL 2541801, at *1 (W.D. Wash. June 21, 2010) ("The Court will not seal documents simply because

There is a "strong presumption in favor of access" to documents filed in federal court.[4] The party that requests sealing bears the "burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.'"[5] The requesting party must "articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."[6] This burden applies even if the document was previously filed under seal or protective order.[7] I need not articulate reasons for unsealing the record; instead, it is the moving party's burden to articulate specific reasons the record should be sealed.[8] "A failure to meet that burden means that the default posture of public access prevails."[9]

Defendants argue the Kezar documents should be sealed because they contain privileged and confidential information.[10] I have already ruled that defendants waived any potential privilege in these documents.[11] Defendants have failed to provide any reason, much less a compelling reason, to believe the Kezar documents contain confidential or otherwise protectable information. Defendants simply state the documents are privileged (which I have already ruled is not the case) and confidential (which is unsupported by any evidence submitted by the parties).

---

the parties stipulate or do not oppose the sealing of certain documents."); *United States v. Comprehensive Drug Testing, Inc.,* 513 F.3d 1085, 1115 (9th Cir. 2008) (reversed on other grounds).

[4] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (internal citations omitted).

[5] *Kamakana*, 447 F.3d at 1178.

[6] *Id.* (citations omitted).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] (Dkt. #252 at 2.)

[11] (Dkt. #235.)

Defendants also argue that unsealing the Kezar documents will deprive them of a meaningful appeal of my prior ruling that the documents are not privileged.[12] I agree with defendants on this point. The Supreme Court and Ninth Circuit have explained that privilege determinations are generally unfit for interlocutory appeal.[13] If I unseal the Kezar documents now, by the time defendants appeal my prior privilege determination the documents will have already been released to the public, thereby rendering an appeal moot.

I find defendants have failed to establish grounds to seal plaintiffs' filings that contain information from the Kezar documents. But I will temporarily stay this Order until 30 days after entry of final judgment in this case so that defendants have a chance to appeal my previous ruling that the documents are not privileged.[14] During the 30 day period post judgment, defendants must obtain an order from the Ninth Circuit allowing the documents to remain sealed.

**I.      CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs' motion to seal (Dkt. #238) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (Dkt. #240) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (Dkt. #252) is DENIED. Thus, plaintiffs' surreply (Dkt. 253) and Exhibit A in support thereof (Dkt. #253-1) should not be

---

[12] (*Id.*)

[13] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 114 (2009); *United States v. Guerrero*, 693 F.3d 990, 998 (9th Cir. 2012) (holding that interlocutory appeal was inappropriate for order on privilege).

[14] This stay only applies to this Order and has no effect on any previous or future Orders. If defendants dispute whether plaintiffs may use the Kezar documents at trial or in support of other motions, defendants must move for further relief accordingly.

sealed. However, this Order is stayed until 30 days after entry of judgment in this case. Thus, those documents must remain sealed until then.

Dated: January 9, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE