**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, and MEDIVERSAL, INC.<br>　　　　　Plaintiffs/Counter-Defendants,<br><br>　v.<br><br>AMERICAN ECONOMY INSURANCE COMPANY, and COLORADO CASUALTY INSURANCE COMPANY.<br><br>　　　　　Defendant. | Case No. 2:11-cv-02082-APG-CWH<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFS**<br><br>(Dkt. #210) |

　　　Plaintiff Mediversal Inc. was a defendant in litigation arising from malpractice that occurred at the Endoscopy Center of Southern Nevada (ECSN). Defendants America Economy Insurance Company and Colorado Casualty Insurance Company issued general commercial liability policies to Mediversal. During the ECSN litigation, defendants paid a portion of Mediversal's defense costs and a portion of Mediversal's settlement. After the ECSN suit was over, plaintiffs[1] filed this lawsuit because defendants failed to pay all of Mediversal's costs.

　　　Plaintiffs' Amended Complaint asserts seven causes of action including: (1) declaratory judgment that each defendant had a duty to defend and indemnify Mediversal, (2) breach of contract against each defendant, (3) bad faith breach of contract against defendants, (4) violation of NRS § 686A.310, and (5) breach of fiduciary responsibilities.

---

[1] Great-West Life & Annuity Insurance Company alleges that it retains rights to Mediversal's claims against defendants and is thus a proper plaintiff in this case.

Defendants filed two motions for summary judgment.[2] The first motion seeks a declaration that Mediversal's liability in the ECSN litigation falls within the professional services exclusion of defendants' policies.[3] The second motion seeks summary judgment on plaintiffs' breach of contract, bad faith, statutory, and fiduciary duty claims.[4]

In a separate order I addressed defendants' first summary judgment motion, ruling that Mediversal's liability stemming from the ECSN litigation fell within the policies' professional services exclusions. I did not address the impact of this finding on plaintiffs' claims and defendants' counterclaims.

Defendants suggest that if the professional services exclusion is triggered, all of plaintiffs' claims must fail.[5] I agree that the professional services exclusion defeats plaintiffs' claims for indemnification under the policies. But defendants have not yet articulated how the professional services exclusion defeats plaintiffs' other claims.

The parties are to provide supplement briefs on whether my ruling that Mediversal's liability falls within the professional services exclusion defeats plaintiffs' claims for breach of the duty to defend, bad faith, violation of NRS § 686A.310, and breach of fiduciary duty. The briefs should address only the impact of my prior ruling regarding the applicability of the professional services exclusion. The parties should not repeat any of the arguments already briefed.

**I.      CONCLUSION**

Within 14 days of the entry of this Order, the parties shall file joint or separate briefs explaining whether and why they believe my ruling that Mediversal's liability fell within the

---

[2] (Dkt. ##198, 210.)

[3] (Dkt. #198.) Defendants also moved for summary judgment as to their entire first counterclaim and as to plaintiffs' third and fourth causes of action for breach of contract.

[4] (Dkt. #210.)

[5] (Dkt. #198 at 4.)

professional services exclusions defeats plaintiffs' following claims: (1) breach of the duty to defend as stated in their first, second, third, and fourth causes of action; (3) bad faith as asserted in their fifth cause of action; (4) violation of NRS § 686A.310 as asserted in their sixth cause of action; and (5) breach of fiduciary duty as asserted in their seventh cause of action.

Dated:  January 9, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE